IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KRIEGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF ROSEMONT, | ) | |
| OFFICER RONALD A. PERRI, OFFICER | ) | |
| FIORITO, AND OTHER UNIDENTIFIED | ) | |
| ROSEMONT POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, ANDREW KRIEGER, by and through his attorneys, and complaining of Defendants, VILLAGE OF ROSEMONT, OFFICER RONALD A. PERRI, OFFICER FIORITO, AND OTHER UNIDENTIFIED ROSEMONT POLICE OFFICERS, states as follows:

### Introduction

1.     This action for excessive force and false arrest is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

3.     Plaintiff, twenty-one year-old Andrew Krieger, is resident of Park Ridge, Cook County, Illinois.

4.     Defendants Perri, Fiorito, and other as-yet unidentified officers (referred to collectively as "Defendant Officers") are police officers in the Rosemont Police Department. They engaged in the conduct complained of while in the scope of their employment and under color of law.  They are sued in their individual capacities.

5.     Defendant Village of Rosemont is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Rosemont Police Department.  At all times relevant to the events complained of herein, Defendant Village of Rosemont was the employer of the Defendant Officers.  The Village of Rosemont is sued pursuant to the doctrine of respondeat superior on the pendant state law claims.

**Background**

6.     At approximately 6:20 a.m. on April 26, 2009, Plaintiff Andrew Krieger sat in the passenger seat of his brother's vehicle in the parking lot of the Rosemont Police Department. His brother had gone inside the police station to bail out a friend.

7.     Plaintiff had done nothing other than sit in the car waiting for his brother to return when he was approached by Defendant Rosemont Police Officer Perri.

8.     Defendant Officer Perri attempted to open Plaintiff's (locked) car door and demanded that Plaintiff exit the vehicle.

9.     Plaintiff opened the door, but remained in the car and questioned why the officer was telling him to get out.

2

10.     Defendant Officer Perri attempted to physically pull Plaintiff out of the vehicle and called for assistance.

11.     Other Rosemont police officers rushed into the parking lot, including Defendant Officer Fiorito.

12.     Plaintiff exited the car and stood next to the car.

13.     As Plaintiff stood facing the officers with his hands in the air, Defendant Officer Fiorito deployed his Taser, firing its cartridge into the middle of Plaintiff's chest.

14.     A roving surveillance camera captured portions of these events on video. That video shows Plaintiff sitting in the car with Officer Perri standing near the open passenger-side door. Then, when the camera scans back to them less than a minute later, Plaintiff is face down on the ground in handcuffs, already tasered.

15.     Inside the police station, Plaintiff was treated by paramedics and then sat handcuffed to a bench.

16.     As additional officers entered the police station, they questioned why Plaintiff was there and were told for a battery to a police officer.

17.     One of those officers (as-yet unidentified) then turned to Plaintiff.  This Defendant Officer stated words to the effect of, "you think you are tough" and "lets go."

18.     A surveillance camera captures the officer then jamming his forearm into Plaintiff's throat, choking him and lifting him up the wall that he was leaning against.

19.     Plaintiff was handcuffed to the bench the entire time. Absolutely no reason or justification existed for this officer to even touch Plaintiff, let alone use force against him.

20.     The Defendant Officers falsely charged Plaintiff with Resisting a Peace Officer and Battery despite the fact that they knew that neither charge was lawfully justified.

21.     When the surveillance video showing the conduct of the officer in the parking lot and in the police station was revealed, all criminal charges against Plaintiff were dismissed.

## Count I – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

22.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

23.     As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

24.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

25.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26.     As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered injuries including bodily harm, pain and suffering.

## Count II – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest

27.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

28.     The actions of the Defendant Officers, described above, whereby defendants knowingly arrested plaintiff without probable cause, constituted a deliberate violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

29.     As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

## Count III – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

30.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

31.     During the violations of Plaintiff's constitutional rights, as described more fully above, one or more of the Defendant Officers stood by and watched without intervening to prevent the violations of Plaintiff's constitutional rights.

32.     These officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

33.     As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

### Count IV – State Law Claim – Battery

34.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35.     As described more fully in the preceding paragraphs the actions of the Defendant Officers constituted offensive physical contact made without the consent of Plaintiff.

36.     Defendant Officers' actions were undertaken intentionally, willfully and wantonly and/or with reckless indifference and conscious disregard for Plaintiff's safety.

37.     As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

### Count V – State Law Claim – Assault

38.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39.     The above-detailed conduct by Defendant Officers caused Plaintiff to reasonably suffer apprehension of imminent bodily harm.

40.     Defendant  Officers performed the acts detailed above with the intent of causing such apprehension in Plaintiff.

41.     As a result of the Defendant Officers' conduct, Plaintiff suffered injury including

but not limited to emotional distress.

**Count VI – State Law Claim**
**Malicious Prosecution**

42.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43.     As more fully stated above, Defendant Officers caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

44.     Plaintiff was acquitted of all charges in manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

45.     As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

**Count VII – State Law Claim**
**Indemnification – 745 ILCS 10/9-102**

46.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47.     At the time of the events described above, Defendant Officers were employed by the Defendant Village of Rosemont.

48.     Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the Village of Rosemont.

**Count VII – State Law Claim**
**Respondeat Superior**

49.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

50.     In committing the acts alleged in the preceding paragraphs, Defendant Officers were employed by and acting as an agents of the Village of Rosemont.

51.     Defendant Village of Rosemont is liable as principal for all torts committed by their agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Defendant for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against them in their individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

RESPECTFULLY SUBMITTED,


_____/s/ Amanda Antholt_____
One of the Attorneys for Plaintiff

Amanda Antholt
Christopher Smith
Robert W. Johnson
James Baranyk
Jennifer Marsh
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400